Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MODESTO MERCEDES,

     *Plaintiff*,

   -against-

FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC., 1280 ALLERTON AVE INC., SHEIKH A. GULZAR, ARSHAD HUSSAIN a/k/a Hussein and SOCRATES FRIAS a/k/a Socrates Delacruz.

     *Defendants.*

-------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 22-cv-6963

  MODESTO MERCEDES ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., and as against First Ave & 117th St Inc., East Side Auto Services Inc., 1280 Allerton Ave Inc., Sheikh A. Gulzar, Arshad Hussain A/K/A Hussein And SOCRATES FRIAS A/K/A Socrates Delacruz ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants who owned and operated by the gas stations and auto service centers in New York City.

2. Plaintiff was employed by Defendants as a mechanic.

3. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours he worked each week.

1

4. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

7. Plaintiff MODESTO MERCEDES ("Plaintiff MERCEDES") is an adult individual residing in the Bronx County, New York. Plaintiff MERCEDES was employed by Defendants at FIRST AVE & 117TH ST INC. in 2276 FIRST AVE, NEW YORK, NY 10035 from May 2021 until July 2022.

8. FIRST AVE & 117TH ST INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 2276 FIRST AVE, NEW YORK, NY 10035.

9. EAST SIDE AUTO SERVICES INC. is a domestic corporation organized and existing under the laws of the state of New York, It maintains its principal place of business at 348 East 106 Street, New York 10029.

10. 1280 ALLERTON AVE INC. is a domestic corporation organized and existing under the laws of the state of New York, It maintains its principal place of business at 1280 Allerton Ave, Bronx NY 10469.

11. Defendant ARSHAD HUSSAIN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

12. Defendant ARSHAD HUSSAIN is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

13. Defendant ARSHAD HUSSAIN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

14. Defendant ARSHAD HUSSAIN is an owner of FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC. and 1280 ALLERTON AVE INC.

15. Defendant ARSHAD HUSSAIN had the power to hire and fire employees at FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC. and 1280 ALLERTON AVE INC. including Plaintiff.

16. Defendant ARSHAD HUSSAIN had the final word on all business decisions at FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC. and 1280 ALLERTON AVE INC. including which contracts to enter on behalf of the business including but not limited to leases, insurance bonds, secondhand dealer licenses, DCA permits and licenses, insurances policies, inter alia.

17. Defendant ARSHAD HUSSAIN reviewed and controlled the financial records at FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC. and 1280 ALLERTON AVE INC. including payroll records and documents recording Plaintiff's wages and hours worked.

18. Defendant ARSHAD HUSSAIN had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC. and 1280 ALLERTON AVE INC.

19. Defendant SHEIKH A GULZAR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

20. Defendant SHEIKH A GULZAR is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

21. Defendant SHEIKH A GULZAR possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

22. Defendant SHEIKH A GULZAR is an owner of FIRST AVE & 117TH ST INC.

23. Defendant SHEIKH A GULZAR had the power to hire and fire employees at FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC. and 1280 ALLERTON AVE INC.. including Plaintiff.

24. Defendant SHEIKH A GULZAR reviewed and controlled the financial records at FIRST AVE & 117TH ST INC. including payroll records and documents recording Plaintiff's wages and hours worked.

25. Defendant SHEIKH A GULZAR was the general manager at FIRST AVE & 117TH ST INC., EAST SIDE AUTO SERVICES INC. and 1280 ALLERTON AVE INC. and represented himself as such to the Plaintiff.

26. Defendant SHEIKH A GULZAR issued payment to Plaintiff.

27. Defendant SHEIKH A GULZAR supervised Plaintiff on a regular basis at work.

28. Defendant SHEIKH A GULZAR had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of FIRST AVE & 117TH ST INC. and in fact did so.

29. Defendant SHEIKH A GULZAR actively hired and fired employees.

30. Defendant SHEIK A. GULZAR hired Plaintiff.

31. Defendant SHEIKH A GULZAR established and monitored Plaintiff's work schedule.

32. Defendant SHEIKH A GULZAR determined the rates of pay of employees and dictated other terms of their employment at FIRST AVE & 117TH ST INC..

33. Defendant SOCRATES FRIAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

34. Defendant SOCRATES FRIAS is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

35. Defendant SOCRATES FRIAS possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

36. Defendant SOCRATES FRIAS had the power to hire and fire employees at FIRST AVE & 117TH ST INC. including Plaintiff.

37. Defendant SOCRATES FRIAS was the manager at FIRST AVE & 117TH ST INC. and represented himself as such to the Plaintiff.

38. Defendant SOCRATES FRIAS issued payment to Plaintiff.

39. Defendant SOCRATES FRIAS supervised Plaintiff on a regular basis at work.

40. Defendant SOCRATES FRIAS had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of FIRST AVE & 117TH ST INC. and in fact did so.

41. Defendant SOCRATES FRIAS actively hired and fired employees.

42. Defendant SOCRATES FRIAS established and monitored Plaintiff's work schedule.

43. Defendant SOCRATES FRIAS determined the rates of pay of employees and dictated other terms of their employment at FIRST AVE & 117TH ST INC.

## FACTUAL ALLEGATIONS

44. Defendants are associated and joint employers, act in the interest of each other.

45. Defendants share common operations and acted jointly in the operation of FIRST AVE & 117TH ST INC..

46. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

47. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

48. In the alternative, Defendants constitute a single employer of Plaintiff.

49. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

50. In each year from 2021 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

51. Defendants were each experienced business owners and had full knowledge of the pay and notice requirements under federal and state law.

52. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

53. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items were sold and utilized daily at FIRST AVE & 117TH ST INC., such as oil, lubricants, bushings, vacuums, hammers, chains, control arms, solvents, brushes, lifters, tie rods, jacks, Bondo, wrenches, inter alia, were produced outside the State of New York..

54. Defendants employed more than 11 employees at all relevant times.

*Plaintiff MODESTO MERCEDES*

55. Plaintiff MERCEDES was employed by Defendants at FIRST AVE & 117TH ST INC. in 2276 FIRST AVE, NEW YORK, NY 10035 from May 2021 until July 2022.

56. Although he primarily worked at 2276 First Ave, New York, NY 10035, he also worked at 1280 Allerton Ave, Bronx NY 10469 and 348 East 106 Street, New York 10029 when directed by Defendant GULZAR due to another employee being on vacation or sick at those locations.

57. Throughout his employment with defendants, Plaintiff MERCEDES was employed by Defendants as a mechanic and laborer.


58. Plaintiff MERCEDES work duties required neither discretion nor independent judgment.

59. Plaintiff MERCEDES was closely supervised and directed by Defendants in the scope of his tasks.

60. From approximately May 2021 until July 2022, Plaintiff MERCEDES typically works six (6) days per week from 8:00 A.M. to 6:00 P.M., approximately sixty (60) hours per week.

61. During this period Plaintiff MERCEDES regularly worked in excess of 40 hours per week.

62. The Defendants paid the Plaintiff a weekly salary of $750 during his time of employment.

63. Defendants never provided Plaintiff MERCEDES with each payment of wages a proper statement of wages, as required by NYLL 195(3).

64. Defendants never provided Plaintiff MERCEDES, a proper notice in English and in Spanish (Plaintiff MERCEDES primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65. Defendant never issued Plaintiff spread of hours payments for shifts when Plaintiff worked over ten (10) hours in a 24-hour period.

66. Plaintiff had complained about his pay including that it did not meet the minimum wage or overtime requirements provided by law.

67. Plaintiff was required to purchase tools and supplies at his own expense that were primarily for the benefit of his employer.

**FIRST CAUSE OF ACTION**

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

70. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff MERCEDES' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff MERCEDES, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.     Defendants' failure to pay Plaintiff MERCEDES at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff MERCEDES was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

81.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

83.     Plaintiff MERCEDES repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff MERCEDES' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

85.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff MERCEDES less than the minimum wage.

86. Defendants' failure to pay Plaintiff MERCEDES the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff MERCEDES was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

88. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

90. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

91. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

92. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof,

11

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

94. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

95. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

96. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

97. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS, LATE PAYMENTS, TOOLS OF THE TRADE and

**KICKBACKS**

98. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

99. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 196, 195 and 198 and the applicable regulations thereunder.

100. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee. N.Y. Lab. Law §193(1).

101. NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1). NYLL § 193(2).

102. NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees. NYLL § 198-b.

103. Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.

104. Defendants deducted various unlawful charges from Plaintiff's pay including but not limited to tools and supplies, inter alia.

105. Moreover, these charges reduced Plaintiff's wages below the minimum wage.

106. Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

107. Plaintiff has been damaged in an amount as yet undetermined plus liquidated damages.

## NINTH CAUSE OF ACTION

## TOOLS OF THE TRADE AND KICKBACKS (FLSA)

108. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

109. The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

110. An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work. 29 C.F.R. § 531.35.

111. Defendants regularly received kickbacks by deducting various unlawful charges from Plaintiff's pay including but not limited to tools and supplies, *inter alia*.

112. Moreover, these charges reduced Plaintiff's wages below the minimum wage.

113. Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

114. Plaintiff has been damaged in an amount as yet undetermined plus liquidated damages, reasonable attorney's fees and costs, pre- and post- judgment interest and any other remedy permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and

associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent

(100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(n) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
August 16th, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*